IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| H AND M SERVICES, LLC<br>c/o Statutory Agent Tricia Sprankle<br>877 Cordero Lane<br>Gahanna, Ohio 43230<br><br>     Plaintiff,<br><br>vs.<br><br>ALLIANCE INVENTORY SERVICE, LLC<br>c/o Statutory Agent Amy Leigh Driscoll<br>1216 Four Star Drive West<br>Galloway, Ohio 43119<br><br>and<br><br>ALLIANCE INVENTORY, LLC<br>c/o Statutory Agent Douglas Driscoll<br>9925 Ulmerton Road, Suite 187<br>Largo, Florida 33771<br><br>and<br><br>MILLER-BREWER INVENTORY, LLC<br>c/o Statutory Agent Geary Brewer<br>205 Jeanne Drive<br>Springboro, Ohio 45066<br><br>and<br><br>JOSEPH W. KEENER<br>213 Dalton Street<br>Henryville, Indiana 47126-9784<br><br>and<br><br>DOUGLAS DRISCOLL<br>9925 Ulmerton Road, Suite 187 | Case No.:<br><br>JUDGE<br><br>**COMPLAINT FOR INJUNCTIVE**<br>**RELIEF AND DAMAGES**<br><br>**(Jury Demand Endorsed Hereon)** |

Largo, Florida 33771

and

GEARY BREWER
205 Jeanne Drive
Springboro, Ohio 45066

and

J.A. JANES, INC.
c/o Statutory Agent Joseph Janes
907 Charleston Pike
Chillicothe, Ohio 45601

and

FRESH ENCOUNTER, INC.
c/o Statutory Agent Michael S. Needler
317 W. Main Cross Street
Findlay, Ohio 45840

and

STEVE MILLER
6404 Stoney Creek Drive
Huber Heights, Ohio 45424

  Defendants.

  NOW COMES Plaintiff H AND M Services, LLC ("H AND M") by and through its attorneys, and for its Complaint hereby avers, alleges and prays:

## PARTIES

  1. H AND M is a limited liability company organized and existing under the laws of the State of Ohio, with Ohio operations in Franklin County. H AND M has been in business since 2016. H AND M was founded by Barry Hoffman and Steve Miller. It is now solely owned by Barry Hoffman.

2

2. Joseph W. Keener was an employee, officer (Vice President), and fiduciary of H AND M from July 2, 2017until May 29, 2023. On May 29, 2023, Keener resigned from H AND M. He now works for Alliance Inventory Service, LLC ("Alliance") and/or Alliance Inventory, LLC ("Alliance Florida"). Upon information and belief, he may also be an Alliance/Alliance Florida officer and owner. Keener is an Indiana resident.

3. Douglas Driscoll is an employee of H AND M. Discoll also works for Alliance and/or Alliance Florida. Upon information and belief, Driscoll is also an Alliance/Alliance Florida officer and owner. Driscoll is a Florida resident.

4. Geary Brewer was an H AND M employee from October 16, 2018 until July 1, 2020. Upon information and belief, Brewer now works as an employee, officer, and fiduciary of Miller-Brewer Inventory LLC ("Miller-Brewer") and may also work for Alliance and/or Alliance Florida. Brewer is an Ohio resident.

5. Steve Miller was an employee, officer, co-founder, owner and fiduciary of H AND M from 2016 until January 1, 2023. Upon information and belief, Miller now works as an employee, officer, and fiduciary of Miller-Brewer and also works for Alliance/Alliance Florida. Miller is an Ohio resident.

6. Alliance is an Ohio limited liability company with its principal place of business in the Southern District of Ohio. Upon information and belief, it is operated by Keener and Driscoll. Alliance was established in 2022, when Keener and Driscoll were still employed by H AND M.

7. Alliance Florida is a Florida limited liability company, with its principal place of business in Largo, Florida. Upon information and belief, it is operated by Keener and Driscoll and owned by Driscoll Florida Alliance was established in 2023.

8. Miller-Brewer is an Ohio limited liability company with its principal place of business in the Southern District of Ohio. Upon information and belief, it is owned and operated by Miller and Brewer. Miller-Brewer was established in July 2023.

9. J.A. Janes, Inc. ("Janes") is an Ohio corporation with its headquarters and principal place of business in the Southern District of Ohio. Janes is a former H AND M customer, wrongfully usurped by Alliance, Keener and Miller.

10. Fresh Encounter, Inc. ("FE") is an Ohio corporation with its headquarters and principal place of business in the Northern District of Ohio. FE does extensive business in the Southern District of Ohio, including business at issue in this case. FE is a former H AND M customer, wronfully usurped by Alliance, Keener and Miller.

## THE DISPUTE

11. This is an action involving claims for: (1) breach of contract; (2) tortious interference; (3) violation of the federal Defense of Trade Secrets Act (DTSA) and Ohio's Uniform Trade Secrets Act; (4) an accounting; (5) common law unfair competition; (6) conversion; (7) civil theft; (8) injury due to criminal act; (9) breach of fiduciary duty; (10) civil conspiracy; and (11) racketeering (RICO).

12. This action seeks injunctive relief to prevent the "Competing Defendants" (all Defendants except Janes and FE) from (a) unlawfully and unfairly competing with H AND M and misappropriating H AND M's property by using H AND M's confidential information and trade secrets ("H AND M's Data") to directly compete against H AND M; (b) using improper means to interfere with H AND M's relationships with its customers; and (c) engaging in other unlawful and unfair competition.

13. H AND M also seeks damages and attorneys' fees from Defendants for their wrongful and unlawful acts.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1338, 1367 because H AND M's claims are based on federal questions (DTSA and federal RICO claims), with supplemental jurisdiction over H AND M's state law claims.

15. This Court has personal jurisdiction over Defendants because they conduct business in the State of Ohio, within this District, including the actions complained about in this *Complaint*. Additionally: (a) Defendants Keener, Driscoll, Brewer and Miller agreed to personal jurisdiction in Ohio's state and federal courts for any dispute over their restrictive covenant obligations; (b) Defendants Brewer and Miller are Ohio residents and citizens; and (c) Alliance, Brewer-Miller, Janes and FE are Ohio corporate entities with their primary place of business in Ohio (all except FE within this District).

16. Venue is proper in this District under 28 U.S.C. §§1391(b)(2) because a substantial part of the events or omissions giving rise to H AND M's claims occurred in this District. Additionally, venue is proper in this District for Alliance, Miller-Brewer, Brewer, Miller, and Janes because they all reside in this District.

## FACTUAL ALLEGATIONS

17. H AND M has been in the grocery and convenience store inventory business since 2016. Before that, Barry Hoffman and Steve Miller were partners, co-owners, and co-workers in previous inventory businesses since 2002.

18. Defendants Alliance, Alliance Florida, Miller-Brewer, Keener, Driscoll, Brewer, and Miller ("the Competing Defendants") compete against H AND M in the inventory business

5

by using H AND M's trade secret and confidential information – including H AND M's client lists, client names, client emails, client phone numbers, client contacts, client needs and preferences, H AND M's client and supplier pricing, and H AND M's cost information (including compensation for H AND M's employees) (again, "H AND M's Data"). The Competing Defendants obtained H AND M's Data from Keener, Driscoll, Brewer, and Miller when they were – one, some, or all – H AND M employees.[1] In fact, the Competing Defendants competed against H AND M, using H AND M's Data while some of them were still with H AND M – secretly diverting H AND M business and business opportunities for their own benefit, including:

- The Competing Defendants, except Alliance Florida and Miller-Brewer, competed against H AND M while Keener, Driscoll, Brewer, and Miller were still with H AND M.

- The Competing Defendants, except Alliance Florida and Miller-Brewer, secretly usurped H AND M's business and business opportunities while Keener, Driscoll, Brewer and Miller were still with H AND M. Those opportunities include Janes, FE, Triumph Energy, Sunshine Foods, South Lebanon Food Market, and Super Saver.

- The Competing Defendants used H AND M's Data to solicit H AND M's customers.

- As a result, in August 2023, Janes and FE terminated their business relationship with H AND M and began utilizing a Competing Defendant for their inventory services.

19. The Competing Defendants directly compete against H AND M in the grocery and convenience store inventory business; are in the same business (inventories); sell similar inventory services; to the same customers – all in direct competition with H AND M.

20. As H AND M employees, Keener, Driscoll, Brewer, and Miller were bound by the Restrictive Covenant in H AND M's Employee Handbook, including:

---

[1] And also to the extent Keener, Driscoll and Miller were more than employees – officers, fiduciaries, owners, etc., as set forth above.

6

- Being forbidden from competing against H AND M during their employment.

- Being forbidden from soliciting or being hired by any customer for two years after their H AND M employment.

- Being forbidden from soliciting or having any H AND M customer limit, reduce, or deny inventory work to H AND M.

- Being forbidden from using any H AND M Data – other than for H AND M's benefit – until five years after their H AND M employment.

- Being forbidden from using their H AND M positions with H AND M's customers for their own, non-H AND M personal or business benefit.

A copy of the relevant portions of H AND M's Employee Handbook are attached as Exhibit 1.

21. Unbeknownst to H AND M, Keener, Driscoll, Brewer, and Miller were disloyal to H AND M and taking action competitive to H AND M during and after their H AND M tenures – individually and through Alliance, Alliance Florida and/or Miller-Brewer. By doing so, the Competing Defendants violated the Keener's, Driscoll's, Brewer's and Miller's (the "Individual Competing Defendants") restrictive covenants in H AND M's Employee Handbook. Keener, Driscoll, and Miller also violated obligations they owed H AND M as H AND M fiduciaries.

22. Additionally, Alliance entered into a Settlement Agreement with H AND M, containing restrictive covenants to H AND M. Alliance violated those restrictive covenants by wrongly competing against H AND M, soliciting H AND M's customers (other than actions up to June 14, 2023 regarding 30 Sunshine Group, which have been settled), and using H AND M's Data, as described above. Alliance's Settlement Agreement is attached as Exhibit 3.

23. Additionally, Miller entered into a Consulting Agreement in March 2023, to continue working with H AND M. That Consulting Agreement had similar non-compete, non-solicitation, and confidentiality obligations as the Employee Handbook – except their length. The Consulting Agreement non-compete and non-solicitation obligations last 18 months. Miller violated those restrictive covenants in his Consulting Agreement by wrongly competing against

7

H AND M, soliciting H AND M's customers, and using H AND M's Data, as described above. Miller's Consulting Agreement is attached as Exhibit 2.

24. Janes and FE (the "Non-Competing Defendants") have been made aware of the Competing Defendants' violations of their H AND M obligations. Nevertheless, they continue to retain, contract with, and pay one or more of the Competing Defendants for inventory services. As a result, the Non-Competing Defendants are tortiously interfering with the Competing Defendants' obligations to H AND M.

## COUNT I
### Breach of Contracts
### (The Competing Defendants Only)

25. H AND M repeats and realleges paragraphs 1 through 24 hereof, as if fully set forth herein.

26. The promises and obligations in H AND M's Employee Handbook, Alliance's Settlement Agreement, and Miller's Consulting Agreement are necessary to protect H AND M's legitimate business interests – most notably, H AND M's Data and relationships with its customers – so H AND M cannot be the victim of unfair competition through the use of its own Data against it.

27. The Individual Competing Defendants' actions described above constitute intentional, direct and material breaches of their respective promises and obligations to H AND M, as described above.

28. The Individual Competing Defendants' violations caused irreparable injuries to H AND M.

29. H AND M has suffered (and will continue to suffer) substantial monetary losses, as well as loss of goodwill, if the Individual Competing Defendants are permitted to continue to breach their promises and obligations as they have been doing.

30. H AND M has no adequate remedy at law with respect to the Individual Competing Defendants' violations. Unless the Court enjoins them, H AND M will be irreparably injured.

31. The Individual Competing Defendants' violations have and/or will damage H AND M in an amount in excess of $500,000, to be fully determined at trial, plus prejudgment and post-judgment interest.

32. Alliance and Alliance Florida are the alter egos of Brewer and Driscoll and, thus, equally bound by Brewer's and Driscoll's promises and obligations to H AND M. Miller-Brewer is the alter ego of Miller and Brewer and, thus, equally bound by Miller's and Brewer's promises and obligations to H AND M.

## COUNT II
**Tortious Interference**
**(All Defendants)**

33. H AND M repeats and realleges paragraphs 1 through 32 hereof, as if fully set forth herein.

34. As employees, officers, fiduciaries and/or co-owner of H AND M, the Individual Competing Defendants were aware of H AND M's Data. Through the Individual Competing Defendants, Alliance, Alliance Florida and Miller-Brewer are also aware of H AND M's Data.

35. Instead of engaging in fair competition, the Competing Defendants have used H AND M's Data to compete against H AND M, including with H AND M's actual and potential customers.

9

36. The Competing Defendants lack any legally-protected justification for using H AND M's Data to compete against H AND M, including with H AND M's actual and potential customers, instead of competing fairly

37. H AND M has no adequate remedy at law with respect to the Competing Defendants' tortious interference. Unless the Court grants injunctive relief, H AND M will be irreparably injured.

38. As a result of the Competing Defendants' willful, malicious, tortious and wrongful actions, H AND M has been (and will continue to be) damaged by their conduct, in an amount in excess of $500,000, to be fully determined at trial. The Competing Defendants' tortious interference was done willfully, maliciously and fraudulently, thereby entitling H AND M to punitive damages and recovery of their costs and attorneys' fees, plus prejudgment and post-judgment interest.

39. The Non-Competing Defendants are aware of the Competing Defendants' promises and obligations owed to H AND M. Nevertheless, the Non-Competing Defendants still use one or more of the Competing Defendants for inventory services.

40. H AND M has no adequate remedy at law with respect to the Non-Competing Defendants' tortious interference. Unless the Court grants injunctive relief, H AND M will be irreparably injured.

41. As a result of the Non-Competing Defendants' tortious and wrongful actions, H AND M has been (and will continue to be) damaged by their conduct, in an amount in excess of $100,000, to be fully determined at trial.

### COUNT III
### Misappropriation of Trade Secrets and Confidential Information
### (All Competing Defendants)

42. H AND M repeats and realleges paragraphs 1 through 41 hereof, as if fully set forth herein.

43. The Competing Defendants have misappropriated and converted H AND M's Data to their benefit and H AND M's detriment. The Competing Defendants' actions were willful and malicious.

44. H AND M's Data is of distinct financial and strategic importance to H AND M, has independent economic value from not being generally known, is not known to third parties, and is the subject of reasonable efforts to maintain its confidentiality. Those efforts include, but are not limited to, password protection and confidentiality policies (including those in the Employee Handbook, Alliance's Settlement Agreement, and Miller's Consulting Agreement.)

45. The Competing Defendants' actions described above constitute misappropriation and conversion of H AND M's Data – in violation of their respective promises and obligations to H AND M and in violation of Ohio's Uniform Trade Secrets Act, R.C. §1333.61 *et. seq.* and the federal Defend Trade Secrets Act, 18 U.S.C. §1386 *et seq.*

46. As a result of the Competing Defendants' misappropriation and conversion, H AND M will suffer substantial monetary losses as well as the loss of market share, loss of competitive advantage in the marketplace, and loss of goodwill.

47. H AND M has no adequate remedy at law with respect to the Competing Defendants' actions. Unless this Court enjoins the Competing Defendants from continuing to utilize H AND M's Data, H AND M will be irreparably injured.

48. H AND M has been damaged by the Competing Defendants' conversion and misappropriation, in an amount in excess of $500,000, to be fully determined at trial. In addition, H AND M is entitled to recover the amount of the Competing Defendants' unjust enrichment, to the extent it is not duplicative of H AND M's damages. H AND M is also entitled to double that total amount as exemplary damages pursuant to 18 U.S.C. §1836 and treble pursuant to Ohio Revised Code §1333.63(B), plus prejudgment and post-judgment interest.

## COUNT IV
**Accounting**
**(All Competing Defendants)**

49. H AND M repeats and realleges paragraphs 1 through 48 hereof, as if fully set forth herein.

50. H AND M lacks an adequate remedy at law for the Competing Defendants' misappropriation and conversion. H AND M cannot know the extent of its injuries without an accounting of the Competing Defendants' earnings and income.

51. For that reason, H AND M requests this Court order the Competing Defendants to account for all earnings made through their wrongful conduct to date.

## COUNT V
**Unfair Competition**
**(All Competing Defendants)**

52. H AND M repeats and realleges paragraphs 1 through 51 hereof, as if fully set forth herein.

53. The Competing Defendants' conduct (described above) constitutes unfair competition. Their actions were willful and malicious.

54. As a result of the Competing Defendants' unfair competition, H AND M will suffer substantial monetary losses and the Competing Defendants will earn profits to which they are not entitled.

55. H AND M has no adequate remedy at law with respect to the Competing Defendants' unfair competition. Unless the Court grants injunctive relief, H AND M will be irreparably injured.

56. Because of the Competing Defendants' unfair competition, H AND M has been damaged in an amount in excess of $500,000, to be fully determined at trial. The Competing Defendants' unfair competition against H AND M was done willfully, maliciously and fraudulently, thereby entitling H AND M to punitive damages and recovery of their costs and attorneys' fees, plus prejudgment and post-judgment interest.

### COUNT VI
### Civil Theft
### (All Competing Defendants)

57. H AND M repeats and realleges paragraphs 1 through 56 hereof, as if fully set forth herein.

58. The Competing Defendants' misconduct described above constitutes theft offenses under Ohio Revised Code §§2913.02, 2913.04 and/or 2921.13.

59. As a direct and proximate result of such civil theft, H AND M has been damaged in an amount exceeding $500,000, to be more fully determined at trial.

60. As a result of such commission of civil theft, and pursuant to R.C. §2307.61, H AND M is entitled to liquidated damages equal to three times the amount of its compensatory damages, reasonable costs and attorneys' fees, plus prejudgment and post-judgment interest.

## COUNT VII
### Injury Due to Criminal Act
### (All Competing Defendants)

61. H AND M repeats and realleges paragraphs 1 through 60 hereof, as if fully set forth herein.

62. The Competing Defendants' misconduct described above constitutes theft crimes under Ohio Revised Code §§2913.02, 2913.04 and/or 2921.13.

63. As a direct and proximate result of such criminal misconduct described above, H AND M has been damaged in an amount exceeding $500,000, to be more fully determined at trial.

64. Pursuant to R.C. § 2307.60, H AND M is entitled to recover its damages for such criminal misconduct against them.

65. The Competing Defendants' criminal misconduct against H AND M was done willfully, maliciously and fraudulently, thereby entitling H AND M to punitive damages and recovery of their costs and attorneys' fees, plus prejudgment and post-judgment interest.

## COUNT VIII
### Breach of Fiduciary Duty
### (Keener, Driscoll and Miller Only)

66. H AND M repeats and realleges paragraphs 1 through 65 hereof, as if fully set forth herein.

67. Pursuant to Ohio R.C. §1701.641(B), Keener, Driscoll and Miller owed fiduciary duties to H AND M.

68. Keener and Miller breached their fiduciary duties to H AND M by: (1) competing against H AND M while still officers of H AND M; (2) using H AND M's Data for their own personal benefit and against H AND M's interests and benefit; (3) secretly usurping H AND M's

14

business opportunities while still officers and fiduciaries of H AND M; and (4) by failing to reveal the truth of their activities to H AND M while H AND M officers and fiduciaries.

69. As a direct and proximate result of their breach of fiduciary duties, H AND M has been injured in an amount not less than $500,000. Further, their breaches were done willfully, maliciously and fraudulently.

70. H AND M is entitled to all direct, indirect, consequential, special, compensatory, punitive, and other damages to be determined at trial, including attorney fees and costs, resulting from Keener's, Driscoll's and Miller's breach of fiduciary duties, plus prejudgment and post-judgment interest.

## COUNT IX
### Civil Conspiracy
**(All Competing Defendants)**

71. H AND M repeats and realleges paragraphs 1 through 70 hereof, as if fully set forth herein.

72. The Competing Defendants conduct described above constitutes a knowing, voluntary, willful and malicious combination of two or more persons to injure H AND M in person or property, in a way not competent for any one Competing Defendant to achieve alone.

73. H AND M has no adequate remedy at law with respect to the Competing Defendants' civil conspiracy. Unless the Court grants injunctive relief, H AND M will be irreparably injured.

74. The Competing Defendants malicious combination resulted in actual damages to H AND M in an amount in excess of $500,000 to be fully determined at trial. H AND M is also entitled to punitive damages, and recovery of their costs and attorneys' fees.

**COUNT X**
**Racketeering**
**(All Competing Defendants)**

75. H AND M repeats and realleges paragraphs 1 through 74 hereof, as if fully set forth herein.

76. This count arises from the federal Racketeer Influenced and Corrupt Organizations Statute, 18 U.S.C. §1965 (federal RICO) and the Ohio RICO statute, R.C. §2923.32 (Ohio RICO).

77. The actions of the Competing Defendants cumulatively and jointly constituted a pattern of racketeering activity on behalf of a union or group of individuals associated in fact, notwithstanding that the various Competing Defendants and their companies, as applicable, do not comprise one legal entity. The Competing Defendants' shared purpose was to engage in a series of unlawful acts (described above and including postal, telephone or electronic communications), which induced H AND M to provide them with H AND M's Data. The Competing Defendants conspired together, as individuals and through the use of various entities, and through repeated use of mail, phone and/or internet to achieve their wrongful ends, in violation of 18 U.S.C. §§1341, 1343 and R.C. §§2913.02, 2913.04 and/or 2921.13. Using themselves, various individuals and various entities, through the conduct described in this Complaint and by using mail, telephone and/or internet for their scheme, the Competing Defendants obtained H AND M's Data. Under the guise of serving as H AND M's employees, officers, fiduciaries (and in Miller's case co-owner too), the Competing Defendants surreptitiously used H AND M's Data to compete against H AND M, with H AND M's customers – right under H AND M's proverbial nose.

78. As a direct and proximate result of the Competing Defendants' conduct in violation of Ohio and federal RICO, H AND M has suffered irreparable harm to its Data, profits, business, reputation and goodwill. Unless the Competing Defendants are restrained from further RICO violations – including seizure and impoundment of H AND M's Data in the Competing Defendants' possession – H AND M will continue to be irreparably harmed and damaged because its remedies at law are inadequate. As a direct and proximate result of the Competing Defendants' conduct, H AND M is also entitled to actual and treble damages, pursuant to 18 U.S.C. §1964 and R.C. §2923.34.

WHEREFORE, H AND M prays:

1. That an injunction be issued against the Competing Defendants, barring them from competing against H AND M in the grocery and convenience store inventory business until H AND M's Data no longer constitutes trade secrets and the Competing Defendants competition will again be fair.

2. That an injunction be issued against the Non-Competing Defendants, barring them from doing business with the Competing Defendants in the inventory business until H AND M's Data no longer constitutes trade secrets and the Competing Defendants competition will again be fair.

3. That the Competing Defendants be restrained and enjoined from using H AND M's Data and from divulging, disclosing or communicating H AND M's Data to any other person, firm, or business entity.

4. That the Competing Defendants be ordered to abide by the Individual Competing Defendants' promises and obligations to H AND M in the Employee Handbook, Alliance's Settlement Agreement and Miller's Consulting Agreement.

5. That the Court award H AND M damages against Defendants proximately caused by Defendants' conduct, including loss of income/profit, loss of market share, and loss of goodwill — in an amount in excess of $500,000 (the Competing Defendants) and $100,000 (the Non-Competing Defendants), respectively, to be fully determined at trial.

6. That the Court order an accounting of the Competing Defendants' earnings and income and disgorge their profits to H AND M.

7. That H AND M be awarded exemplary (double and/or treble) damages as pled above.

8. That H AND M be awarded its costs and reasonable attorneys' fees as pled above, as well as prejudgment and post-judgment interest.

9. That the Court award H AND M such other and further relief as it deems just and proper.

Respectfully submitted,

*/s/ Barry Y. Freeman*
Barry Y. Freeman (0062040)
**ROETZEL & ANDRESS, LPA**
1375 E. 9th St., 10th Floor
Cleveland, OH 44114
Telephone 216.615.4850
Fax: 216.623.0134
and
41 S. High St., 21st Floor
Columbus, OH 43215
Telephone: 614.463.9770
Fax: 614.463.9792
bfreeman@ralaw.com

*Trial Attorney for Plaintiff*

## **JURY DEMAND**

H AND M demands a trial by jury on all issues so triable, by the maximum number of jurors permitted by law.

*/s/ Barry Y. Freeman*

20400609 _1